IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NAJARIAN CAPITAL LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| | 1:16-CV-4412-TWT-CMS |
| SHONTE DULIN, | |
| Defendant. | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This action is before the Court on Defendant Shonte Dulin's application to proceed in forma pauperis and her pro se Petition for Removal from the Magistrate Court of DeKalb County, Georgia. (Doc. 1). Ms. Dulin's affidavit of indigency indicates the inability to pay the filing fee or incur the costs of these proceedings. (Doc. 1). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and the undersigned **GRANTS** the request for leave to proceed in forma pauperis for these proceedings only.

However, because it is evident that this Court does not have jurisdiction over the dispossessory action filed against Ms. Dulin in the Magistrate Court of DeKalb County, the undersigned **RECOMMENDS** that this action be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 1447(c), a district court must remand any action that has been improperly removed if the district court finds that it lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).  Accordingly, this Court must examine the Petition for Removal (Doc. 1-1) to determine whether there is a proper basis for removal.

For removal to be proper, a defendant must demonstrate that the action is based on diversity jurisdiction, or that the action contains a federal question, i.e., one or more claims arising under the Constitution, treaties, or laws of the United States.  28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332.  In other words, a defendant may remove a case to federal court only if the district court would have had jurisdiction over the case if it had been brought there originally.  Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441).  The statute is strictly construed, requiring remand to the state court if any doubt exists over whether removal was proper.  Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003).  The party seeking removal bears the burden to establish federal jurisdiction.  Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

In the Petition for Removal, Ms. Dulin argues that the district court has federal question jurisdiction over this matter and references the Due Process Clause of the Fifth and Fourteenth amendments to the United States Constitution, and the federal Preventing Tenants at Foreclosure Act. (Doc. 1-1 at 2). After reviewing the attached Dispossessory Warrant from the DeKalb County proceeding (Doc. 1-1 at 4), it is apparent that there is no federal question jurisdiction over this action. The general test for whether a state court cause of action arises under federal law is the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc . v. Williams, 482 U.S. 386, 392 (1987). The Petition for Removal does not allege, nor does the Dispossessory Warrant show, that any federal statute was relied upon in the state court dispossessory proceeding. Defenses or counterclaims based on federal laws or rights are not a proper basis for removal. See Caterpillar, 482 U.S. at 393; Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."); Kemp, 109 F.3d at 712 ("a case may not be removed on the ground of a federal question defense alone, even if that defense is valid"). Moreover, the Protecting Tenants at Foreclosure Act does not create a federal private right of

3

action and is not a basis for subject matter jurisdiction. See <u>Mazyck v. Wells Fargo Bank, N.A.</u>, No. 1:12-CV-3875-ODE, 2013 WL 12101059, at *2 (N.D. Ga. Jan. 29, 2013). Because no federal question is present on the face of the Dispossessory Warrant, there is no federal jurisdiction.[1]

## CONCLUSION

Because Ms. Dulin has failed to establish that removal of the state court dispossessory proceeding is proper, I **RECOMMEND** that this action be **REMANDED** to the Magistrate Court of DeKalb County. Ms. Dulin's motion to proceed <u>in forma pauperis</u> (Doc. 1) is **GRANTED** solely for the purpose of remand.

So **ORDERED, REPORTED, and RECOMMENDED** this 24th day of January, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] It is also apparent that diversity jurisdiction is not present in this action because Ms. Dulin fails to allege any facts to show that the parties are diverse and that the amount in controversy exceeds the statutory threshold. See 28 U.S.C. § 1332(a).